## Curran *et al. versus* McMeen *et al.*

1. Devise "to my daughter Jean" (in fee). "In case any of my daughters dies without heirs of their body it is my will that their part as above bequeathed be equally divided between the survivors of them and my grandchildren," &c., naming two sets. On the death of Jean without issue, under the authority of Johnson v. Curran, 10 Barr 498, her part would go to the sisters and grandchildren as tenants in common in fee.

2. Johnson v. Curran doubted, and it *seems* that Jean took an estate tail.

May 28th 1867. Before THOMPSON, READ and AGNEW, JJ.⸱ WOODWARD, C. J., and STRONG, J., absent.

Error to the Court of Common Pleas of *Juniata county.*

This was an action of ejectment to April Term 1866, by William Curran and others against John McMeen and John Kauffman.

The question arose under the will of David Walker, dated August 27th 1829 and proved September 3d 1831.

Amongst other devises were the following:—

" I give and devise to my beloved daughter, Jean, and to her heirs and assigns, * * * all the plantation that I purchased from James Banks, to her and her heirs and assigns for ever, it lying and being in Fermanagh township, bounded by lands of Andrew Banks and others—the above personal property to be equal to what her sisters got at their marriage." * * *

" Lastly, in case any of my daughters dies without heirs of their body, I do, and it is my will that their part as above bequeathed to them be equally divided between the survivors of them and my grandchildren, counting James Walker's four children one, and Elizabeth Stewart's four children one."

On the 3d of May Jean Johnson, the above devisee, with her husband, made a deed to bar the entail, and the same day a deed was made from the grantee to James Johnson, who died in 1847, having devised the land in dispute to his wife Jean. Jean Johnson died without issue March 16th 1848, having devised the land to her sisters Ann Black and Margaret Stinson, two of the testator's daughters, for life, and at their death to Eccles Johnson in

[Curran *v.* McMeen.]

fee, but if the sisters should survive Eccles Johnson the land to go to them. They both survived Eccles Johnson. Ann Black, by her will, proved December 11th 1863, gave all her estate to Margaret Stinson, and Margaret Stinson, by her will, proved January 21st 1866, gave the land devised to Jean Johnson to John McMeen, the defendant, in fee.

The plaintiffs are grandchildren and great-grandchildren of David Walker, the first devisor.

The court (Graham, P. J.,) charged the jury :—

" The first question involves the construction of the will of David Walker. What estate did Mrs. Black and Mrs. Stinson take, as survivors, upon the death of their sister Jean, in the undivided half of the land devised to her, and second, what effect had the judgment in partition upon the rights of the parties ?

" The plaintiffs contend that upon the death of Mrs. Johnson, her sisters, Mrs. Black and Mrs. Stinson, did not take an estate of inheritance absolute, but a life estate, or that they took a fee upon condition of their having issues of their bodies, and on failure of issue that the fee became extinct, and the estate would go over as directed in the will. In other words, that upon the death of Mrs. Johnson, her sisters, Mrs. Black and Mrs. Stinson, took the same and no greater estate as survivors than Mrs. Johnson had under the will of her father.

" But the construction would be contrary to the general rule of construction both in England and in our own state, which is, that where an estate is given to survivors, they take a fee simple, unless it should appear from the whole will to be the manifest intention of the testator that they should take a less estate. The plaintiffs' counsel in this case, admitting the rule of construction as stated, has made a most elaborate argument to show that testator intended that upon the death of any or all of his three daughters without issue, his estate was finally to vest in his lineal descendants, his grandchildren and great-grandchildren, who are the plaintiffs in this case.

" If such was the testator's intention, he certainly knew how to express it, judging from the provisions of the will, which was written by himself. After a careful perusal of this very long testament and last will, we have failed to discover such intention. On the contrary, the intention is very clearly expressed, that upon the death of any of his daughters without issue, the surviving daughters and his grandchildren, children of his deceased son and daughter, should take the same interest by survivorship, and that his grandchildren should take *per stirpes* and not *per capita*. His will is that in case of any of his daughters die without heirs of their bodies, ' it is my will that their part as above bequeathed to them, be equally divided among the survivors of them and my

[Curran v. McMeen.]

grandchildren, counting James Walker's four children one, and Elizabeth Stewart's four children one.' There is certainly no rule of construction that would justify us, under this clause in the will, in giving a less estate to the surviving daughters than to the grandchildren.

"But the case of Johnson v. Curran, before referred to, rules the question now raised. In that case, in speaking of this clause in testator's will, Justice Coulter says: 'It may vest in them (the survivors) as in executory devise, or even as a remainder, contingent upon the first taker having no issue living at the time of her death.'

"The plaintiffs' title having failed, you will render a verdict for the defendants."

The jury found for the defendants, and the plaintiffs having taken a writ of error, assigned for error the direction of the court to find for the defendants.

*W. H. Miller*, for plaintiffs in error, cited 1 Jarman 411, 404, 412, 427–434; Leach v. Micklem, 6 East 486; Nieham v. Turner, 2 Dow. & R. 398; Johnson v. Curran, 10 Barr 496.

*J. Alexander*, for defendants in error, cited Johnson v. Curran, 10 Barr 498; Wynn v. Story, 2 Wright 166; Price v. Taylor, 4 Casey 95; Rancell v. Creswell, 6 Id. 158; Covert v. Robinson, 10 Wright 274; Eichelberger v. Barnitz, 9 Watts 450; Irwin v. Dunwoody, 17 S. & R. 61; Criley v. Chamberlain, 6 Casey 161; Vaunghan v. Dickes, 8 Harris 509; Braden v. Cannon, 12 Id. 168.

The opinion of the court was delivered, July 3d 1867, by

READ, J.—The title of the plaintiffs depends upon the construction of two clauses in the will of David Walker, dated the 27th August 1829 and proved September 23d 1831:—

"6. I give and devise to my beloved daughter, Jean, and to her heirs and assigns, my clock and case, and as much household and kitchen furniture, two cows, six sheep, and as for a case of drawers, mare, saddle and bridle she has already, and all the plantation that I purchased from James Banks, to her and her heirs and assigns for ever, it lying and being in Fermanagh township, bounded by lands of Andrew Banks and others—the above personal property to be equal to what her sisters got at their marriage."

"8. In case any of my daughters dies without heirs of their body, I do, and it is my will that their part as above bequeathed to them be equally divided between the survivors of them and my grandchildren, counting James Walker's four children one, and Elizabeth Stewart's four children one." Jean intermarried with

[Curran *v.* McMeen.]

Jaines Johnson and died without issue leaving two sisters, Ann Black and Margaret Stinson, and the children and grandchildren of James Walker and Elizabeth Stewart surviving her.

Ann Black died in 1863, without issue, devising her interest in the land in dispute to Margaret Stinson. Margaret Stinson died without issue, and by her will devised the land in dispute to John McMeen, the defendant.

The plaintiffs contend that the two sisters took but a life estate, and, of course, Margaret Stinson could devise nothing to the defendant.

In Johnson *v.* Currin, 10 Barr 498, these clauses in this will were before this court, and Judge Coulter, delivering the opinion of the court, held that the intention of the testator was that the words "dies without heirs of their body," was to be limited to the death of the daughter, and if she died leaving no issue living at the time of her death, then the limitation over was to take effect. "It is evident," says Judge Coulter, "however, that he intended to give a fee simple to Jane upon condition of her having heirs of her body *in esse* at the time of her death; but that if she did not the estate in fee should be extinct and the land should go over as limited in the will. It may vest in them as an executory devise or even as a remainder contingent upon the first taker having no issue living at the time of her death; but above all it can be supported as carrying into effect the manifest intent of the testator."

If this, then, be the law, that the death of Jean Johnson extinguished her estate, then the whole of her part bequeathed went over to Ann Black and Margaret Stinson and the two sets of grandchildren to be equally divided between them, and they became tenants in common in fee simple, for if any of them has a fee all have.

This is too clear to need argument, and such is the opinion of the learned judge in the court below, for reasons it is unnecessary to repeat.

But the case of Johnson *v.* Currin is not of unshaken authority. Judge Linn's observations upon it in his Appendix, p. 726, and the unbroken series of later decisions establishing such language as is used in these clauses to create an estate tail in Jean Johnson, would lead us to think that the law as expounded in 10 Barr is not perfectly sound.

If it were an estate tail in Jean Johnson, then it was barred, and her title by divers wills and conveyances is vested in the defendant McMeen.

In any aspect the plaintiffs cannot recover.

Judgment affirmed.